■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AISHA ELLIOTT, Appellant. [615 NYS2d 554] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting her of murder in the second degree, for which she received a sentence of 25 years to life, defendant contends

that County Court erred in its charge on justification; that the prosecutor violated the court's *Sandoval* ruling; that the court abused its discretion in admitting two photographs of the deceased; and that the sentence is harsh and excessive.

The court's charge on justification was in all respects proper. There was abundant evidence that defendant repeatedly stabbed the victim while she was on the ground, helpless and unarmed. CPL 300.10 (2) directs the court to "state the material legal principles applicable to the particular case, and, so far as practicable, explain the application of the law to the facts". Thus, it was not improper for the court to charge that defendant may have continued to employ deadly physical force at a time when she no longer perceived it to be necessary to defend herself. The court's charge clearly stated that it was the jurors' function to find the facts, and thus the court did not impermissibly communicate its opinion to the jury. Defendant's other challenge to the court's instruction is unpreserved *(see,* CPL 470.05 [2]). Were we to reach it, we would conclude that it is lacking in merit.

The prosecutor did not violate the court's *Sandoval* ruling. The ruling did not restrict cross-examination to convictions for petit larceny. Rather, in accordance with the express concession of defense counsel that he had "no problem" with the petit larcenies, the court ruled that the prosecutor could "use all of the petit larcenies", even though only two of the five had resulted in convictions.

Any error committed by the court in admitting the photographs was rendered harmless by the overwhelming proof against defendant *(see, People v Crimmins,* 36 NY2d 230, 242). Finally, we have considered the challenge to the severity of defendant's sentence and conclude that it is without merit. (Appeal from Judgment of Oneida County Court, Murad, J.— Murder, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.